786     COURT OF ERRORS AND APPEALS.

Cox v. Penna. R. R. Co.               76 N. J. L.

RACHEL COX, DEFENDANT IN ERROR, v. PENNSYLVANIA
RAILROAD COMPANY, PLAINTIFF IN ERROR.

ALFRED COX, DEFENDANT IN ERROR, v. PENNSYLVANIA
RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted July 13, 1908—Decided November 16, 1908.

When it cannot be said as matter of law that an intermediate object
or agency in the chain of causation was the immediate or proxi-
mate cause of the injury complained of, it becomes a question for
the jury under the circumstances to determine whether defend-
ant's act, if wrongful, was the proximate cause of the injury.

On error to the Supreme Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendants in error, *Jonathan H. Kelsey* and *Sam-
uel K. Robbins.*

The opinion of the court was delivered by

MINTURN, J.   Rachel Cox and Alfred Cox are plaintiffs, re-
spectively, in suits instituted against the defendant railroad
company to recover damages resulting from a fire which de-
stroyed their property at Juliustown, in this state, on the
28th day of April, 1906.   The defendant's right of way ex-
tended along the northerly side of the property of Rachel
Cox and the property of Pitman & Stackhouse, on which
latter property was located a hay press, which was distant
about thirty-three feet from the centre of defendant's main
track.   The defendant company also maintained a siding,
connecting with a freight station and a platform contiguous
to the Pitman & Stackhouse building.   The testimony of
plaintiff's witnesses presented a condition, showing that the
weather had been dry, and that between the rails of the siding,

and also between the siding and the main track in the immediate vicinity of the Pitman & Stackhouse building, dead grass and other combustible material had been allowed to accumulate, until, in the language of one witness, the condition of the track was "weedy and dirty." Under this condition, about three-thirty-eight P. M., on the day in question, one of the defendant's trains passed on its way from Juliustown to Lewistown; and shortly thereafter a fire started in the dead grass between the main and sidetracks at a point contiguous to the Pitman & Stackhouse hay press, and spread to the Pitman & Stackhouse building, and from thence extended to the plaintiff's buildings, which, with their contents, were consumed by the fire. The defendant company met this presentation of facts with testimony that the right of way was kept in good order, and that it was free and clear of combustible material; thus negativing the plaintiff's allegation and presenting a question for the jury, which the court submitted to them upon proper instructions, and which they found against the defendant.

That verdict, not being reviewable here upon this writ, the defendant urges, as matter of law, that the plaintiff's loss was attributable, not to the fire, originating, as we must assume in view of the verdict, by defendant's negligence on its right of way, but to the spreading of the fire from the Pitman & Stackhouse building, which intervened in point of time between the negligent act of defendant and the destruction of plaintiff's buildings.

The questions of causal connection and remoteness of damage thus presented are not *res nova* in this court.

Mr. Justice Depue, in *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 10 *Vroom* 299, 308, after a most thorough examination of the authorities upon these questions in this and other jurisdictions, assimilated the principle here involved to that enunciated in the celebrated Squib case. *Scott* v. *Shepherd,* 2 *W. Bl.* 892.

It were a task of supererogation to again review the cases and apply the distinctions, as was done in the Salmon case.

It should suffice to say that the questions here raised by the learned counsel for the defendant were there fully considered in the light of the authorities, and the rule enunciated was, "in actions for injuries resulting from fire originating through the defendant's negligence and communicated to the plaintiff's property, where distance, intervening objects or the manner in which the fire was communicated presents the question, whether the plaintiff's loss is attributed to the defendant's negligent act; and there being no intervening agency apparent which may stand in law as the immediate cause of the injury, the question is one for the jury, whether, under all the conditions under which the loss happened, the destruction of the plaintiff's property was a result which might reasonably have been expected (though not in fact anticipated) from the defendant's negligent act." See, also, *Whart. Neg.,* § 85.

Under this rule the questions of causal connection and intervening cause, if any existed, were properly left by the court to the determination of the jury, and their verdict under the circumstances upon this writ cannot be disturbed.

No error appearing upon the record the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.   16.

*For reversal*—None.